# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MERARI REBOLLAR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-0846 |
| | § | |
| ORTEGA MEDICAL CLINIC, P.L.L.C., | § | |
| JUAN ANTONIO ORTEGA-MORA M.D., | § | |
| P.A., and JUAN A. ORTEGA, M.D., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination and civil assault case is Defendants Ortega Medical Clinic PLLC and Juan A. Ortega, M.D.'s (together, the "Defendants") Motion to Dismiss Plaintiff Merari Rebollar's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") [Doc. # 8]. Plaintiff filed a timely response, and Defendants have not replied.[1] The Motion is now ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all pertinent matters of record, the Court concludes that the Motion should be **granted in part** and **denied in part.**

---

1    *See* Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss (the "Response") [Doc. # 10].  The deadline for Defendants to file a reply under the Court's local procedures has expired.  Defendants have not moved to extend the deadline.

## I. BACKGROUND

Plaintiff began working for Defendant Ortega Medical Clinic as a medical assistant in February 2013. Plaintiff alleges that over the next three years she was subjected to a continuous pattern of sexual harassment by Defendants. The nature of the incidents constituting the alleged sexual harassment ranged from inappropriate and non-consensual touching by Defendant Dr. Juan Ortega to lewd comments and gestures directed towards Plaintiff by Dr. Ortega. In the last such instance, which is alleged to have occurred on April 30, 2016, Plaintiff asserts that Dr. Ortega both propositioned her to start a secret romantic relationship with him and forcibly grabbed her by the head in an attempt to kiss her. Approximately one week after this incident, on May 6, 2016, Plaintiff resigned from her employment with Defendants. According to Plaintiff, she left Defendants' employ as a result of the severe sexual harassment she had been exposed to throughout her tenure working for them. *See* Plaintiff's First Amended Complaint (the "Amended Complaint") [Doc. # 4], ¶¶ 5.2 – 5.11.

Plaintiff filed suit in this Court on March 16, 2018. In her Amended Complaint, Plaintiff asserts claims for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") and for common law assault.[2] Defendants

---

[2] Plaintiff alleges that the Court has supplemental jurisdiction over her assault claims against Defendant pursuant to 28 U.S.C. § 1367 because those claims are

(continued…)

have moved to partially dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendants argue that any claims for assault arising from actions that occurred before March 16, 2016, are time-barred under the applicable statute of limitations, as are any Title VII claims predicated on events occurring more than 300 days prior to Plaintiff filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 3, 2016.

## II.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded

---

(continued…)
sufficiently related to her Title VII claims to form part of the same case or controversy. Amended Complaint [Doc. # 4], ¶ 7.2.

factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   ANALYSIS

In the Amended Complaint, Plaintiff asserts two causes of action against Defendants: assault and "gender discrimination, sexual harassment, hostile work environment, constructive discharge" under Title VII. Defendants have moved to dismiss both claims, at least in part, on the grounds that the claims are untimely. The Court addresses these issues regarding Plaintiff's asserted causes of action in turn.[3]

### A.   Assault Claim

In her Amended Complaint, which was filed on March 16, 2018, Plaintiff alleges that she was subjected to numerous instances of misconduct by Defendants between February 2013 and April 2016. Plaintiff does not specify which instances

---

[3]   In Paragraph 1.1 of her Amended Complaint, Plaintiff states that this lawsuit involves a claim for retaliation under Title VII. However, there are no allegations in the Amended Complaint pertaining to retaliation. The Court does not construe the Amended Complaint as asserting a Title VII retaliation claim.

of misconduct serve as the basis of her assault claim. Defendants argue that to the extent Plaintiff asserts a claim for assault based on any act that occurred before March 16, 2016, any such claim is time-barred by the applicable statute of limitations. The Court concurs.

The statute of limitations for common law assault under Texas law is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Defendants assert, and Plaintiff does not dispute, that Plaintiff's assault claims in this case accrued on the date that she allegedly was touched or threatened because she immediately was aware of the touching or threat. Motion [Doc. # 8], ¶ 2 (citing *Brothers v. Gilbert*, 950 S.W.2d 213, 216 (Tex. App. – Eastland 1997, no writ)). Indeed, in her Response, Plaintiff does not argue that her assault claim is based on conduct by any Defendant occurring before March 16, 2016. Plaintiff argues that Dr. Ortega's conduct on April 30, 2016, is the sole basis of her assault claim. Accordingly, the Motion is **granted** as to any assault claim arising from conduct that occurred before March 16, 2016, as all such claims are time-barred. The Motion is **denied** with respect to any assault claims predicated on acts by any Defendant after March 16, 2016, two years prior to the date Plaintiff filed suit.

### B. Title VII Claims

Plaintiff also asserts in her Amended Complaint (and reinforced in her Response) a claim for sexual harassment based on a hostile work environment and

5

alleges constructive discharge.[4]  Defendants argue that any Title VII claims arising from events occurring before January 7, 2016, are time barred.  Specifically, Defendants assert that because Plaintiff filed her charge of discrimination with the EEOC on November 3, 2016, by statute she can only pursue claims for events that occurred on or after January 7, 2016, 300 days prior to the filing date.  42 U.S.C § 2000e-5(e)(1).  Plaintiff responds that although many of her allegations relate to events that preceded January 7, 2016, those events are part of an ongoing practice by Defendants of creating a hostile work environment to which she was subjected throughout the tenure of her employment with them.  According to Plaintiff, because at least some of the actions that contributed to the hostile work environment she experienced occurred within 300 days of filing her charge of discrimination with the EEOC, Supreme Court precedent dictates that all incidents supporting her hostile work environment claim, including those occurring before January 7, 2016, are properly before the Court when assessing that claim. Plaintiff's argument has merit.

A fair reading of Plaintiff's Amended Complaint reveals that she is asserting a claim for sexual harassment based on a continuous and related series of incidents

---

[4]     Plaintiff includes in the title of her single claim a reference to gender discrimination but does not articulate any facts to support a theory other than sexual harassment and constructive discharge.

that occurred between 2013 and April 2016. The last event in that series allegedly occurred on April 30, 2016, which indisputably is within 300 days of the date of Plaintiff's charge of discrimination. In *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002), the Supreme Court held that under such circumstances, all events comprising a Plaintiff's hostile work environment claim, even those that predate the 300 day statutory period, can be considered by the court. *Morgan*, 536 U.S at 117; *see also Heath v. Bd. of Supervisors for the S. Univ. & Agric. & Mech.* College, 850 F.3d 731, 737 (5th Cir. 2017). Accordingly, Defendants' Motion is **denied** regarding Plaintiff's hostile work environment claim for sexual harassment.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) [Doc. # 8] is **GRANTED in part**. Specifically, Plaintiff's assault claims based on events that occurred before March 16, 2016, are **DISMISSED WITH PREJUDICE** as time-barred. In all other respects, the Motion is **DENIED**.

SIGNED at Houston, Texas, this 19<u>th</u> day of **June, 2018**.

7

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE