United States District Court
Southern District of Texas
**ENTERED**
August 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MERARI REBOLLAR, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:18-0846 |
| § | |
| ORTEGA MEDICAL CLINIC, § | |
| P.L.L.C., *et al.*, § | |
| Defendants. § | |

**MEMORANDUM AND ORDER
ON ATTORNEY FEES AND COSTS**

Before the Court in this sexual-harassment lawsuit is Plaintiff Merari Rebollar's Application for Attorneys' Fees and Costs ("Motion") [Doc. # 30]. Defendants have responded,[1] and Rebollar replied.[2] The Motion is ripe for decision. Based on the parties' briefing, pertinent matters of record, and relevant legal authority, the Court **grants in large part** Rebollar's Motion and awards Rebollar $66,180.50 in attorney fees and $6,528.52 in costs.

**I.    BACKGROUND**

Plaintiff Merari Rebollar initiated this lawsuit on March 16, 2018, against her former employers, Defendants Ortega Medical Clinic, P.L.L.C., Juan Antonio Ortega-Mora M.D., P.A., and Juan A. Ortega, M.D. (collectively, "Defendants").[3]

---

[1]    Defendants' Response to Plaintiff's Application for Attorneys' Fees ("Response") [Doc. # 31].

[2]    Plaintiff's Reply in Support of Plaintiff's Application for Attorneys' Fees and Costs ("Reply") [Doc. # 32].

[3]    Original Complaint [Doc. # 1].

Rebollar alleges that while she was employed by Defendants as a medical assistant, she was assaulted in violation of Texas law and subjected to sexual harassment, a hostile work environment, gender discrimination, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964.[4]

On the same day Plaintiff Rebollar filed her suit in federal court, counsel for Rebollar filed a separate employment-related lawsuit against Defendants in Texas state court on behalf of Melissa Nieto. Nieto worked as receptionist for Defendants and similarly alleges that Defendants subjected her to gender discrimination, sexual harassment, a hostile work environment, and retaliation.

On January 31, 2019, during the very first deposition taken in this case, the parties agreed to use all discovery conducted by deposition in both Rebollar's and Nieto's cases, obviating the need to conduct each deposition twice.[5] In total, nine depositions were conducted in connection with Rebollar's lawsuit.[6] Counsel billed to Rebollar's case seven of these depositions.[7]

On February 18, 2019, Rebollar filed a partially unopposed motion for leave to amend her complaint to add Nieto as an additional plaintiff.[8]

On February 27, 2019, Defendants filed a response to Rebollar's motion for leave to amend.[9] Defendants represented they were not opposed to joining Nieto

---

[4] First Amended Complaint [Doc. # 4], ¶¶ 6.1-6.7.

[5] Affidavit of Lionel M. Schooler [Doc. # 31-6], at 2.

[6] Listing of Deposition References to Nieto and Rebollar [Doc. # 31-7].

[7] Reply at 4.

[8] Plaintiff's Motions for Rule 20 Joinder and for Leave to Amend Complaint Under Rule 15 [Doc. # 21].

as a plaintiff in this case, but were opposed to the addition of specific allegations in the proposed complaint which did not track the allegations in Nieto's state court petition.[10]

On March 5, 2019, Rebollar filed a reply in support of her motion, asserting that the additional allegations should be allowed because Defendants would suffer no undue prejudice from their addition to this suit.[11]

On March 13, 2019, Defendants filed an amended response, contending they now opposed any amendment to join Nieto to this lawsuit.[12]

In a Memorandum and Order [Doc. # 27], dated March 14, 2019, the Court denied Rebollar's motion to amend.

On April 29, 2019, Rebollar accepted Defendants' Federal Rule of Civil Procedure 68 Offer of Judgment on her claims.[13] On June 14, 2019, the Court entered Final Judgment, ordering Defendant Antonio Ortega-Mora, M.D., P.A., to pay to Rebollar $60,000, plus attorney fees and costs.[14]

---

(continued…)
[9] Defendants' Response in Partial Opposition to Plaintiff's Motion for Rule 20 Joinder and for Leave to Amend Complaint Under Rule 15 [Doc. # 24].

[10] *Id.* at 2.

[11] Plaintiff's Reply to Defendants' Partial Opposition to Plaintiff's Motion for Leave to Amend Complaint [Doc. # 25].

[12] Defendants' Revised Response Opposing Plaintiff's Motions for Rule 20 Joinder and for Leave to Amend Complaint Under Rule 15 [Doc. # 26].

[13] Plaintiff Merari Rebollar's Notice of Acceptance of Defendants' Rule 68 Offer of Judgment [Doc. # 28].

[14] Final Judgment Pursuant to Offer of Judgment [Doc. # 29].

Rebollar seeks $67,145 in attorney fees and $6,528.52 in costs and other litigation-related expenses.

Defendants challenge $30,930 of Rebollar's attorney fees. Defendants assert that Rebollar's attorney fee recovery should be reduced by $9,645 based on vague or inadequately described billing entries; reduced by $6,080 based on excessive and unnecessary work; reduced by $9,925 based on dual work for both Rebollar and Nieto's cases; and reduced by $5,280 based on work performed on Rebollar's unsuccessful motion to amend. Defendants further assert that Rebollar's cost request should be reduced by $3,136.20.

## II.  ATTORNEY FEES

### A.  Legal Standard

Under Title VII, a prevailing plaintiff may recover "a reasonable attorney's fee (including expert fees) as part of the costs." *See* 42 U.S.C. § 2000e-5(k). In the Fifth Circuit, "[t]he first step in determining statutorily authorized attorneys' fees is to calculate a 'lodestar' amount." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). There is a "strong presumption" that the lodestar amount—the product of reasonable hours and a reasonable rate—represents a reasonable fee. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). After calculating the lodestar, "[t]he court must then consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the [12] factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *McClain*, 519 F.3d at 284.[15]

---

[15]  The twelve *Johnson* factors are:
    (1) the time and labor involved;
    (2) the novelty and difficulty of the questions;

(continued…)

4

"The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable." *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). "A district court must 'explain with a reasonable degree of specificity the findings and reasons upon which the award is based.'" *Id.* (quoting *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

**B.     Reasonable Rates**

Rebollar was represented in this lawsuit by Todd Slobin and Dorian Vandenberg-Rodes. Rebollar asserts that Slobin's reasonable rate for employment-related cases is $500 per hour and Vandenberg-Rodes's is $300. Defendants do not challenge these rates. The Court agrees these rates are reasonable in light of the attorneys' experience and knowledge of employment law. Accordingly, the Court will award Rebollar attorney fees at her counsel's requested rates.

---

(continued…)
    (3) the skill requisite to perform the legal services properly;
    (4) the preclusion of other employment by the attorney due to this case;
    (5) the customary fee;
    (6) whether fee is fixed or contingent;
    (7) time limitations;
    (8) the amount involved and results obtained;
    (9) the experience, reputation and ability of counsel;
    (10) the undesirability of the case;
    (11) the nature and length of the professional relationship; and,
    (12) awards in similar cases.
*Von Clark v. Butler*, 916 F.2d 255, 258 n.3 (5th Cir. 1990) (citing *Johnson*, 488 F.2d at 717-19). "The court, however, may not adjust the lodestar figure based on a *Johnson* factor already taken into account during the initial calculation." *Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 956 (S.D. Tex. 2016).

### C.     Reasonable Time

#### 1.     Rebollar Is Entitled to Recover Counsel's Billed Time for Depositions

Defendants argue Rebollar should not be permitted to "frontload" a fee recovery for counsel's work performed on behalf of both Nieto and Rebollar. Defendants submitted a chart identifying the pages of each deposition transcript where there is a specific reference to Nieto or Rebollar.[16] Defendants contend that the chart reveals that Rebollar's counsel discussed at each deposition matters pertaining to both Rebollar and Nieto. To rectify the situation, Defendants request the Court cut by 50% counsel's time for all depositions and deposition preparation.

The Court is unpersuaded that a 50% reduction is warranted. A prevailing plaintiff is entitled to attorney fees for work on claims "inextricably intertwined" with her prevailing claims when "it would be impossible to segregate all of the time for purposes of making a determination of attorney's fees." *See Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). "Where time spent on unsuccessful issues is difficult to segregate, no reduction of fees is required." *See Abell v. Potomac Ins. Co. of Ill.*, 946 F.2d 1160, 1169 (5th Cir. 1991). Claims are so intertwined when they "involve a common core of facts *or* will be based on related legal theories." *See Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983) (emphasis added).

Counsel's time spent deposing witnesses with respect to Nieto's claims is recoverable because the time is "inextricably intertwined" and "impossible to segregate" from Rebollar's prevailing claims. *See*, 261 F.3d at 528. Each deponent gave testimony relevant to Rebollar's claims. Defendants' only example

---

[16]    Listing of Deposition References to Nieto and Rebollar [Doc. # 31-7].

of a deponent whose testimony was not intertwined with Rebollar's case—Ana Fernandez—is unpersuasive. Defendants contend that Fernandez testified that she did not know Rebollar, had never spoken to Rebollar, and had no personal knowledge of any incident involving Defendant Ortega and Rebollar. Defendants do not contest, however, that Fernandez testified that when she saw Ortega for a medical consultation, Ortega touched her inappropriately and without her consent during the consult, testimony that generally would support Rebollar's allegations of Ortega's non-consensual touching.

The Court is unpersuaded that the risk Defendants will be required to pay attorney fees twice for the same work justifies preemptively reducing Rebollar's attorney fee award. Rebollar's counsel represents that they carefully segregated their time and did not bill to Rebollar's case any time unique to Nieto's claims, such as meeting or emailing with Nieto when the communications did not involve Rebollar.[17] Counsel further represents that they are not billing in Nieto's lawsuit costs and fees incurred after Rebollar's acceptance of the Offer of Judgment. Moreover, neither party has represented to the Court the status of Nieto's lawsuit and the Court will not speculate as to her likelihood of success. Accordingly, any chance that Defendants will be required to pay attorney fees to Nieto is inherently speculative. Finally, "double recovery" may be argued if, as, and when Nieto prevails on her claims.[18]

---

[17]    Reply at 3.

[18]    In any event, to the extent there could be a double recovery, the result would be at least partially attributable to Defendants' opposition to joinder of Nieto in this lawsuit.

7

Because the time billed for depositions is inextricably intertwined with Rebollar's prevailing claims, the Court will award Rebollar attorney fees for all time counsel billed related to depositions in this case.

### 2. Counsel's Time Spent on Pre-Lawsuit Work Is Recoverable

Defendants appear to argue that counsel's 52 hours of work during administrative proceedings before the Equal Employment Opportunity Commission ("EEOC") is not recoverable. Defendants do not cite authority for this proposition.

The Court is unpersuaded that time billed during mandatory EEOC administrative proceedings is not compensable. The Court's research has not revealed any case holding that a plaintiff who prevails on Title VII claims in court is not entitled to attorney fees for time counsel spent exhausting her administrative remedies before the EEOC on those prevailing claims. Instead, federal courts appear uniformly to hold that district courts have discretion to award attorney fees for work performed on behalf of Title VII plaintiffs during the statutorily required EEOC administrative process. *See Mills v. City of Shreveport*, No. 5:17-1088, 2019 WL 2579158, at *10 (W.D. La. June 21, 2019) (noting that the Title VII plaintiff "could seek to recover attorneys' fees related to the administrative process before the EEOC, a prerequisite to suit"); *Hale v. Napolitano*, No. SA-08-CA-106-XR, 2009 WL 10699363, at *2 n.2 (W.D. Tex. Nov. 23, 2009) ("Courts have held that, in the exercise of discretion, '[a] court is allowed to award attorneys' fees that properly cover work performed in administrative hearings that are prerequisites to federal court action.'" (alteration in original) (quoting *Dixon v. Int'l Broth. of Police Officers*, 434 F. Supp. 2d 73, 79 (D. Mass. 2006))); 45C AM. JUR. 2d *Job Discrimination* § 2663 ("Plaintiffs who do not prevail at the administrative stage of Title VII processing . . . also may be awarded attorney's fees for administrative

8

proceedings if they ultimately prevail in court." (footnotes omitted)); 1 CHARLES R. RICHEY, MANUAL ON EMPLOYMENT DISCRIMINATION § 7:39 ("It remains clear that fees are available for work performed in connection with a mandatory administrative process if the party eventually prevails in court."). *Cf. N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 71 (1980) (holding Title VII plaintiff who prevailed during mandatory state administrative proceedings was entitled to attorney fees for those proceedings); *Bogan v. City of Boston*, 489 F.3d 417, 427 (1st Cir. 2007) ("[F]ees incurred in ancillary state proceedings that are necessary to pursue a federal civil rights action are recoverable, while fees incurred during proceedings that are unnecessary for bringing the federal action are not." (citations omitted)). Because exhaustion of administrative remedies before the EEOC is a prerequisite to pursuing a Title VII suit, *see Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), the Court has discretion to award Rebollar attorney fees accrued during the EEOC process. Defendants do not contest the reasonableness of the 52 pre-lawsuit hours billed before the EEOC. The Court concludes those pre-suit hours spent by counsel were reasonable.

### 3. Counsel's Time Spent Conferring with Co-Counsel Is Limited and Thus Recoverable

Defendants challenge as excessive time entries related to conferences between Rebollar's two attorneys, Todd Slobin, a senior partner at Shellist Lazarz & Slobin LLP, and Dorian Vandenberg-Rodes, a mid-level associate at that firm. Defendants contend Rebollar's counsel billed 18.1 hours in unnecessary conferences and Rebollar's fee recovery should be reduced by $6,080.00 as a result.

The Court is unpersuaded. The Court concludes that Rebollar's counsel generally exercised billing judgment. Slobin and Vandenberg-Rodes's billing

records do not include any time in conferences spent with other attorneys at their firm. Furthermore, Rebollar's attorneys did not bill for every conversation or correspondence between themselves and Rebollar, or with defense counsel. Rebollar's counsel's billing records did not include work performed by paralegals or legal assistants, even though their collective time totaled 18 hours. Counsel's billing records reflect billing in 0.1 hour increments (*i.e.*, 6 minutes), rather than in 0.25 hour increments (*i.e.*, 15 minutes). The Court's review of counsel's billing records reveals that most Rebollar's attorney to attorney conferences were brief, ranging from six to twelve minutes. The Court concludes that such conferences were necessary and efficient. Vandenberg-Rodes performed the vast majority of work on the case (180.65 of the 206.55 hours requested). The brief conferences between Vandenberg-Rodes and Slobin allowed counsel to prosecute Rebollar's case without requiring substantial participation by Slobin, who commands a $200 higher billable rate than Vandenberg-Rodes.

### 4. Vague or Inadequately Described Entries

Defendants contend that several time entries—such as those stating "confer with client," "confer with [co-counsel]," or "confer with EEOC"—are vague or inadequately describe the legal work performed in this case. Defendants challenge a portion of these entries and request the Court reduce counsel's billable time by 28.85 hours for a fee reduction of $9,645.

The Court is persuaded by Defendants' argument in part. A "court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended." *Hensley*, 461 U.S. at

437 n.12. "But at least counsel should identify the general subject matter of his time expenditures." *Id.*

The Court's review of Rebollar's counsel's billing records reveals that counsel, in general, carefully accounted for their time. There is no frequent block billing and entries are separated based on the type of work performed. The overall time spent on particular tasks is reasonable. While entries concerning counsel's conferences with each other and communications with Rebollar are not descriptive, the length and number of communications generally do not appear excessive. To account for these vague entries, the Court will reduce Rebollar's fee recovery with respect to the challenged entries by ten percent. *See La. Power & Light Co.*, 50 F.3d at 327 ("Litigants take their chances when submitting such fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision."). *Cf. Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *7 (N.D. Tex. Feb. 11, 2011) ("Based on the number of vague descriptions and the inability to determine whether billing by the quarter-hour is reasonable, the court applies a 10% reduction."). Accordingly, the Court reduces the lodestar figure by $964.50.[19]

---

[19] The Court recognizes that these entries may be vague to avoid disclosure of attorney-client protected or work product information. However, counsel could address this concern by including in the time entries brief references to topics covered, and later redact the protected information when seeking recovery of fees.

### 5. Rebollar May Recover for Time Spent Litigating the Motion for Leave to Amend

Defendants contend that Rebollar's counsel's 16 hours spent attempting to consolidate Rebollar and Nieto's cases is not recoverable because Rebollar's counsel was unsuccessful with respect to the joinder motion.

The Court is unpersuaded. Defendants originally agreed to the idea of consolidating Rebollar and Nieto's cases, causing Rebollar to file the motion for leave to amend. Defendants' change in position to oppose the motion, which created more work for Rebollar's counsel, does not warrant a reduction in Rebollar's recoverable time.

## D. The *Johnson* Factors Do Not Warrant an Adjustment of the Lodestar Figure

Neither party contends that the *Johnson* factors warrant an adjustment from the lodestar figure. Accordingly, neither party overcomes the "strong presumption" that the lodestar figure represents a reasonable fee. *See Black*, 732 F.3d at 502. Accordingly, the Court will award Rebollar the lodestar figure of $66,180.50 in attorney fees.

## III. COSTS

### A. Legal Standard

Under 28 U.S.C. § 1920, a court "may tax as costs the following": (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. *See* 28 U.S.C. § 1920. In addition, the Fifth Circuit

"has interpreted the 'attorney's fee' allowed by [Title VII] to include 'reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services,' such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs." *See Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

### B. Rebollar Is Entitled to $6,528.52 in Costs

Defendants contend that only $3,392.32 of Rebollar's cost request is properly taxable under 28 U.S.C. § 1920. Defendants contend 28 U.S.C. § 1920 compels the exclusion of taxation to Defendants of any cost for items such as those identified as "parking," "meal," "research," "postage," or "fax costs."

The Court is unpersuaded that the challenged costs are not recoverable. Under Title VII, a prevailing plaintiff may recover "a reasonable attorney's fee (including expert fees) as part of the costs." *See* 42 U.S.C. § 2000e-5(k). The Fifth Circuit has interpreted the "attorney's fee" in Title VII to include "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *See Mota*, 261 F.3d at 529. District courts in this Circuit have held that, under the FLSA, which contains a fee and cost shifting provision analogous to Title VII, "[r]eimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable . . . as part of an attorneys' fee award." *See Hilton v. Executive Self Storage Assocs., Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (quoting *Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2007 WL 5166849, at *9

(S.D. Tex. May 7, 2007)). The Court likewise concludes that Rebollar's is entitled to recover the entirety of her requested costs.

## IV. CONCLUSION AND ORDER

Because Rebollar is entitled to nearly all her attorney fee request and her whole cost request, it is hereby

**ORDERED** that Plaintiff Merari Rebollar's Application for Attorneys' Fees and Costs [Doc. # 30] is **GRANTED in major part** and Plaintiff Rebollar is awarded $66,180.50 in attorney fees and $6,528.52 in costs.

SIGNED at Houston, Texas, this 22nd day of **August, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE